IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BILLY MILES, | |
| **Plaintiff,** | |
| v. | Case No. 23-cv-3562-NJR |
| STATE OF ILLINOIS, JACKSONVILLE CORRECTIONAL CENTER, PINCKNEYVILLE CORRECTIONAL CENTER, PERRY COUNTY, DAVID W. MITCHELL, A. HAGGARD, J. SADDLER, J. McCLENNING, TRENT, FILKINS, ADEWALE KUFORIJI, and ROB JEFFREYS, | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Billy Miles, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Pinckneyville Correctional Center ("Pinckneyville").[1] Miles's original Complaint (Doc. 1) alleging

---

[1] This case is one of 13 that the Court received from Miles. For ease of comprehension as the Court manages these cases, and any potential future cases, the cases have been assigned basic numeral identifiers as follows: *Miles v. Mitchell, et al.*, Case No. 23-cv-3562-NJR ("*Miles* 1"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3563-NJR ("*Miles* 2"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3564-NJR ("*Miles* 3"), *Miles v. Mitchell, et al.*, Case No. 23-cv-2365-NJR ("*Miles* 4"), *Miles v. Mitchell, et al.*, Case No. 23-cv-2366-NJR ("*Miles* 5"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3567-NJR ("*Miles* 6"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3568-NJR ("*Miles* 7"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3569-NJR ("*Miles* 8"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3570-NJR ("*Miles* 9"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3571-NJR ("*Miles* 10"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3572-NJR ("*Miles*

missing commissary items from his personal property was dismissed without prejudice (Doc. 9). Miles was granted leave to file an Amended Complaint. On January 11, 2024, Miles filed his Amended Complaint (Doc. 15). He again alleges that items were confiscated from his personal property.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

### The Amended Complaint

In the Amended Complaint, Miles makes the following allegations: On October 25, 2021, while at Jacksonville Correctional Center ("Jacksonville"), Miles had an altercation and was sent to segregation (Doc. 15, p. 8). As a result, Miles packed up his property (*Id*.). On October 27, 2021, property officer C/O McClenning discovered several items in Miles's packed property that were considered contraband under IDOC regulations (*Id*. at pp. 8, 18-19). He also located several items that Miles had in excess of the amount allowed by IDOC regulations. Some of the items confiscated were 500 pictures containing nudity, alcohol, drug use, and money (*Id*.). Miles also lists numerous

---

11"), *Miles v. Mitchell, et al*., Case No. 23-cv-3579-NJR ("*Miles* 12"), *Miles v. Mitchell, et al*., Case No. 23-cv-3580-NJR ("*Miles* 13").

other items in his personal property, although it is not clear how many of these items were confiscated. He provides a list of items including: a laundry bag, TV mat, batteries, clear bags, skull caps, gloves, photo albums, drinking pitcher and cups, lotions, extension cords, headphones, toothpaste, comb, pens, razors, ear buds, a beard trimmer, toothbrushes, mirrors, blankets, mattress pads, bedsheets, sweeteners, chips, peanut butter, tea bags, crackers, soda, ramen noodles, binders, paper, shirts, boxes, beach towels, wash towels, shampoo, gym shorts, socks, and mouthwash (*Id*. at pp. 8-9, 18-19). Some of his property was placed on a 30-day confiscation list. Miles alleges that McClenning failed to provide him with any relief (*Id*. at p. 8).

On November 1, 2021, Miles transferred from Jacksonville to Pinckneyville and was placed in segregation (*Id*. at p. 9). Miles inquired about the status of his property with Pinckneyville's property officers C/O Trent and C/O Filkins (*Id*.). On November 9, 2021, Miles transferred to general population (*Id*. at p. 10). He wrote a grievance about his property that was denied by counselor A. Haggard, grievance officer J. Saddler, David W. Mitchell, Adewale Kuforiji, and Rob Jeffreys (*Id*. at pp. 10-11). The grievance responses indicate that the items were properly seized, noting that different facilities have different contraband lists based on security levels (*Id*. at pp. 16, 18). The grievance officer also noted that some of the confiscated items were also considered non-compliant at Pinckneyville (*Id*. at p. 21).

On November 10, 2021, Trent and/or Filkins presented Miles with a 30-day confiscation form, informing Miles that certain items in his property would be destroyed unless he paid to have the items shipped home (*Id*. at p. 10). Miles paid $200.00 to ship

the property to his family (*Id*.). Miles alleges that none of the defendants tried to provide him with any relief for his claims. He also alleges that the prisons are final policymakers and also make policies and customs (*Id*. at p. 11). Finally, Miles alleges that he is a disabled inmate under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"), suffers from a serious mental illness, and is protected by the Religious Freedom Restoration Act ("RFRA") and the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

## Discussion

Simply put, Miles again fails to state a claim. There are a number of issues with the Amended Complaint. First and foremost, Miles fails to identify a constitutional violation. He alleges that numerous items were confiscated from his personal property but acknowledges that the items were labeled contraband. He was also allowed to send the items home to family. There are simply no allegations to suggest that the confiscation was improper. Further, Miles fails to allege how the confiscation of his property violated his constitutional rights. There are no allegations suggesting that the items were confiscated in retaliation for some constitutionally protected conduct, allegations that might implicate the First Amendment. *See Gomez v. Randle,* 680 F.3d 859, 866 (7th Cir. 2012).

Miles is also unable to state a loss of property claim under the Fourteenth Amendment. To state such a claim, Miles must establish a deprivation of liberty or property without due process of law. Moreover, if the state provides an adequate remedy, Miles has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984) (availability

of damages remedy in state claims court is an adequate, post-deprivation remedy). Miles states that he was allowed to send his property home, so it does not appear that the items were destroyed. To the extent that Miles alleges that any property was destroyed, his avenue of relief would be through state court. Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993). Miles simply fails to allege a viable constitutional violation based on the confiscation of his property.

Miles also cites numerous statutes, stating that he qualifies as a disabled individual under the ADA and RA. He also cites to RFRA and RLUIPA. But Miles fails to offer any allegations to suggest a violation of any of these statutes. None of the confiscated items suggest a violation of these statutes nor do any of the identified defendants' actions violate these statutes. Miles simply cites to the statutes without any allegations suggesting their applicability. Thus, Miles fails to state any claim as to the confiscation of his property.

And there are additional issues with Miles's Amended Complaint. He identifies the State of Illinois and both Jacksonville and Pinckneyville as defendants, but neither can be liable because neither are a "person" within the meaning of Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66-71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under [Section] 1983"); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state "Department of Corrections is immune from suit by virtue of Eleventh Amendment"). He also identifies grievance officials, who he alleges

5

failed to remedy his complaints, but these officials cannot be liable for simply responding to his grievances. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (stating that "the alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim.").

For all of these reasons, Miles again fails to state a claim. This is Miles's second attempt to state a viable claim in regard to his confiscated property, and he has been unable to do so. The Court finds that a further amendment would be futile. His Amended Complaint is, thus, **DISMISSED with prejudice**. Miles's motion for counsel (Doc. 17) is **DENIED as moot**.

## <u>Disposition</u>

For the reasons stated above, Miles's Amended Complaint is **DISMISSED with prejudice** for failure to state a claim. The dismissal counts as one of Miles's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Miles is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Miles wishes to appeal this Order, he must file a notice of appeal with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Miles does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal,

and a motion for leave to appeal *in forma pauperis* must set forth the issues he plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). Moreover, if the appeal is found to be nonmeritorious, Miles may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:  March 26, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

7